UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSE,<br><br>           Plaintiff,<br><br>    v.<br><br>JUM GLOBAL, LLC,<br><br>           Defendant. | Case No. 5:16-cv-01462-HRL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**<br><br>Re: Dkt. No. 8 |

    The City of San Jose (City) sues J.U.M Global, LLC (JUM) for breach of contract and fraud, arising from a failed project to develop technology for converting waste materials to energy. Jurisdiction is based on diversity, 28 U.S.C. § 1332. Pursuant to Fed. R. Civ. P. 12(b)(6), JUM now moves to dismiss on the ground that the exhibits appended to the complaint contradict the complaint's allegations. The matter is deemed suitable for determination without oral argument, and the June 28, 2016 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court denies defendant's motion.[1]

## LEGAL STANDARD

    A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  Id.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)  However, only plausible claims for relief will survive a motion to dismiss.  Iqbal, 129 S.Ct. at 1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

**DISCUSSION**

According to the complaint: In 2011, the City received a grant from the California Energy Commission to conduct a study and to develop technology to produce energy from waste materials. (Complaint ¶ 6). The grant subsequently was amended twice. Among other things, the first amendment (Amendment 1) substituted JUM in place of a prior subcontractor. And, by virtue of an agreement with JUM (discussed below), the City alleges that JUM had certain obligations under the grant and Amendment 1. (Id. ¶ 7). As for the second amendment (Amendment 2), the complaint alleges that JUM's duties under Amendment 1 were not materially changed. (Id. ¶ 8).

As previewed above, the City, JUM, and one Zero Waste Energy (another company involved in the project) then entered into an agreement (Agreement). (Complaint ¶ 10). Among other things, the Agreement gave JUM (and Zero Waste Energy) a non-exclusive license to enter the San Jose-Santa Clara Regional Wastewater Facility to construct and operate a gasification unit. (Id.). According to the City, not only did the Agreement directly impose certain obligations on JUM, defendant also was obliged under the Agreement to comply with certain requirements of the grant and Amendment 1. (Id. ¶¶ 7, 10-13). The complaint alleges that JUM breached the Agreement by failing to perform all of its obligations. JUM allegedly also submitted a false invoice to the City for reimbursement of funds that JUM did not actually spend.

Among the exhibits appended to the complaint are the grant, Amendment 1, Amendment 2, and the Agreement. JUM moves to dismiss, arguing that these exhibits contradict the complaint's allegations. Although defendant's motion is styled as one seeking dismissal for failure to state a claim, JUM's arguments are directed to the ultimate merits of plaintiff's claims, rather than to the sufficiency of the pleading. In sum, defendant contends that the grant, in its entirety, was not part of JUM's contractual obligations. However, the proper interpretation of the relevant documents is a question for another day. And, while it remains to be seen whether plaintiff will prevail on its claims, purely for pleading purposes, the court does not find that the exhibits negate the complaint's allegations.

**ORDER**

Based on the foregoing, defendant's motion to dismiss is denied.

SO ORDERED.

Dated: June 23, 2016

HOWARD R. LLOYD
United States Magistrate Judge

4

5:16-cv-01462-HRL Notice has been electronically mailed to:

Alan Robert Lipton    alan.lipton@sanjoseca.gov, maggie.larcher@sanjoseca.gov

Bethany Jayne Silva    bsilva@rallsgruber.com