John W. Ralls,  #148233
jralls@rallsgruber.com
W. Samuel Niece,  #148645
sniece@rallsgruber.com
Bethany J. Silva,  #273195
bsilva@rallsgruber.com
RALLS GRUBER & NIECE LLP
1700 S. El Camino Real, Suite 150
San Mateo, CA  94402
Telephone: 650.458.4040
Facsimile:  650.240.2250

Attorneys for Defendant
J.U.M. GLOBAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSE,<br><br>             Plaintiff,<br><br>     v.<br><br>JUM GLOBAL, L.L.C.,<br><br>             Defendant. | Case No.   5:16-CV-01462-HRL<br><br>**FIRST AMENDED STIPULATED PROTECTIVE ORDER**<br><br>[Re:  Dkt. 28] |

Subject to the approval of this Court, the parties hereby stipulate to the following, first amended protective order:

1.   This first amended stipulated protective order supersedes the protective order entered by the Court, pursuant to stipulation and as modified by the Court on June 10, 2016 (Document 18).

2.   The parties stipulate that an amended protective order is necessary to include the production of documents from specific third parties within its protection.

3.   In connection with discovery proceedings in this action, the parties, and any third party that produces documents under a subpoena in this case, or by any means in this case, may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order ("Order").

1  Confidential information is information which has not been made public and which concerns
2  or relates to the processes, operations, type or work, or apparatus, or to the production, sales,
3  shipments, purchases, transfers, identification of customers, inventories, amount or source of
4  any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or
5  other organization, the disclosure of which information may have the effect of causing harm
6  to the competitive position of the person, firm, partnership, corporation, or to the organization
7  from which the information was obtained.
8       By designating a document, thing, material, testimony or other information derived
9  therefrom as "confidential," under the terms of this Order, the party making the designation is
10 certifying to the court that there is a good faith basis both in law and in fact for the
11 designation within the meaning of Federal Rule of Civil Procedure 26(g).
12      4.   Confidential documents shall be so designated by stamping copies of the
13 document produced to a party with the legend "CONFIDENTIAL." Stamping the legend
14 "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the
15 document as confidential, unless otherwise indicated by the producing party.
16      5.   Testimony taken at a deposition, conference, hearing or trial may be designated as
17 confidential by making a statement to that effect on the record at the deposition or other
18 proceeding. Arrangements shall be made with the court reporter taking and transcribing such
19 proceeding to separately bind such portions of the transcript containing information designated as
20 confidential, and to label such portions appropriately.
21      6.   Material designated as confidential under this Order, the information contained
22 therein, and any summaries, copies, abstracts, or other documents derived in whole or in part
23 from material designated as confidential (hereinafter "Confidential Material") shall be used only
24 for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.
25      7.   Confidential Material produced pursuant to this Order may be disclosed or made
26 available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial
27 staff employed by such counsel), and to the "qualified persons" designated below:
28           (a) a party, or an officer, director, or employee of a party deemed necessary by

counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(e) a deposition officer utilized for the production of documents under a subpoena; and

(f) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" other than deposition officers as described in (e), above, shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

8. Depositions shall be taken only in the presence of qualified persons.

9. The parties and any third party producing documents in this case, may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL/ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11. If Confidential Material, including any portion of a deposition transcript

1  designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court,
2  such papers shall be labeled "Confidential-Subject to Court Order" and filed with a request for
3  sealing in compliance with Civil Local Rule 79-5.
4      12.    In the event that any Confidential Material is used in any court proceeding in this
5  action, it shall not lose its confidential status through such use, and the party using such shall take
6  all reasonable steps to maintain its confidentiality during such use.
7      13.    This Order shall be without prejudice to the right of the parties (i) to bring before
8  the Court at any time the question of whether any particular document or information is
9  confidential or whether its use should be restricted or (ii) to present a discovery report[1] to the
10 Court under FRCP 26(c) for a separate protective order as to any particular document or
11 information, including restrictions differing from those as specified herein. This Order shall not
12 be deemed to prejudice the parties in any way in any future application for modification of this
13 Order.
14     14.    This Order is entered solely for the purpose of facilitating the exchange of
15 documents and information between the parties to this action and from third parties, without
16 involving the Court unnecessarily in the process. Nothing in this Order nor the production of any
17 information or document under the terms of this Order nor any proceedings pursuant to this Order
18 shall be deemed to have the effect of an admission or waiver by either party or of altering the
19 confidentiality or nonconfidentiality of any such document or information or altering any existing
20 obligation of any party or the absence thereof.
21     15.    This Order shall survive the final termination of this action, to the extent that the
22 information contained in Confidential Material is not or does not become known to the public,
23 and the Court shall retain jurisdiction for a period of six months after final termination of this
24 action to resolve any dispute concerning the use of information disclosed hereunder. Upon

---

[1] All disclosure and discovery disputes are subject to the undersigned's Standing Order re Civil Discovery Disputes.

termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

  SO STIPULATED.

DATED: __August 3, 2016__    RALLS GRUBER & NIECE LLP

               By: /s/ John W. Ralls
                 John W. Ralls
                 Attorneys for Defendant
                 J.U.M. GLOBAL, LLC

DATED: __August 3, 2016__    RICHARD DOYLE, City Attorney

               By: /s/ Alan R. Lipton
                 Alan R. Lipton
                 Sr. Deputy City Attorney
                 Attorney for the CITY OF SAN JOSE

APPROVED AND SO ORDERED:

DATED: __August 4, 2016__    _____
                 HOWARD R. LLOYD
                 United States Magistrate Judge

Attachment A
<u>NONDISCLOSURE AGREEMENT</u>

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Ordered entered in <u>The City of San Jose v. JUM Global, L.L.C.</u>, United States District Court for the Northern District of California, Civil Action No. 5:16-CV-01462-HRL, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____          _____
                                          Signature

                                          _____
                                          Title

                                          _____
                                          Organization/Company