1  RICHARD DOYLE, City Attorney (88625)
   NORA FRIMANN, Assistant City Attorney (93249)
2  ARDELL JOHNSON, Chief Deputy City Attorney (95340)
   ALAN R. LIPTON, Sr. Deputy City Attorney (95177)
3  NKIA D. RICHARDSON, Sr. Deputy City Attorney (193209)
   Office of the City Attorney
4  200 East Santa Clara Street, 16th Floor
   San José, California 95113-1905
5  Telephone Number: (408) 535-1900
   Facsimile Number: (408) 998-3131
6  E-Mail Address: cao.main@sanjoseca.gov

7  Attorneys for Plaintiff and Counter-Defendant
   CITY OF SAN JOSE
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                 SAN JOSE DIVISION

12  CITY OF SAN JOSE,                    Case Number: 5:16-CV-01462 VKD

13              Plaintiff,               **JOINT DISCOVERY DISPUTE**
                                         **STATEMENT**
14       v.

15  JUM GLOBAL, L.L.C.,

16              Defendant.

17  _____

18  J.U.M. GLOBAL, LLC,

19              Counter-Claimant,

20       v.

21  CITY OF SAN JOSE

22

23              Counter-Defendant

24  _____

25      Pursuant to the Court's Standing Order for Civil Cases, Plaintiff City of San Jose

26  ("City") and Defendant JUM Global, LLC ("JUM") hereby submit this joint statement in lieu

27  of a Motion to Compel Defendant's Responses to Discovery.

28  ///

I.     **STATEMENT OF DISPUTE**

Plaintiff City propounded a Request for Production of Documents, Set One on Defendant JUM.  The City contends JUM's responses were deficient because they were evasive and failed to comply with Rule 34, leaving the City without confirmation that all responsive documents had been produced, raising questions as to if any documents have been withheld and, if so, on what basis.  The City further contends that the documents were not produced either as kept in the usual course of business or organized or labeled to correspond to the categories in the City's request and were not produced in their native format.

J.U.M. contends that there is only one issue ripe for resolution—whether J.U.M. is required to identify, by Bates number, for each of the City's requests for production, the document or documents that correspond. As set forth below, J.U.M. produced its documents as they were kept in the ordinary course of business (an option available to J.U.M. under Rule 34(2)(E)(i)) and ESI is a readily useable format (and in the same format as the City produced its ESI and email).  J.U.M. is not required to identify, by Bates number, for each request for production, the document or documents that correspond.  As for the other issues raised by the City in its portion of this Joint Statement, the City and J.U.M. previously reached agreement about the form of production of email—that production of email in PDF by both sides (as has been done) is acceptable and that each party may, from time to time, request particular items in native format from the other.  In its part of the Joint Statement, the City has reversed its position on that agreement—so more discussion is warranted to determine whether a dispute actually exists.

II.    **POSITIONS**

A.     <u>CITY OF SAN JOSE</u>

Rule 34(b)(E)(1)(i) requires Defendant to produce documents as they are kept in the usual course of business or to organize and label responsive documents to correspond to the categories in the request.  Under *MGA Entertainment, Inc., v. National Products LTD.*, 2012 WL 12884021 (C.D.Cal.2012), a producing party fails to meet its Rule 34 obligations

2

1  by producing a mass of undifferentiated documents for the requesting party to inspect. If a

2  party claims that documents were kept in the usual course of business, it bears the burden

3  of demonstrating that fact. *Id.* "Even when a party produces documents as they are kept

4  in the usual course of business, if the business record-keeping system used by the

5  producing party 'is so deficient as to undermine the usefulness of production,' that party

6  may not have met its obligations under Rule 34." Id quoting *Pass & Seymour, Inc. v.*

7  *Hubbell, Inc.*, 255 F.R.D. 331, 336 n. 2 (N.D. N.Y. 2008) and citing *Mizner Grand*

8  *Condominium Ass'n, Inc., v. Travelers Inc v. Travelers Property Cas. Co. of America* 270

9  (F.R.D. 698, 701 (S.D. Fla.) (2010) (requiring party to organize and label documents where

10  production "in the usual course" was disorganized and "bereft of context...[offering]no way

11  of knowing where the documents originated, who possessed them, or whether they are

12  even complete"). In *Luxul Technology, Inc., v. Nectarlux, LLC et al.*, Case No. 14-03656

13  (N.D. Cal., Feb. 3, 2016) a discovery case similar to this one in which a party resisted

14  producing documents in native file format, Magistrate Judge Lloyd wrote: "[d]efendants

15  argued it was unnecessary, unduly time consuming and prohibitively costly. Plaintiff

16  argued much more persuasively that it was actually a very simple, quick procedure.

17  Defendants offered to produce in native format and with metadata any e-mail that plaintiff

18  specifically identified as being of interest. That would unfairly shift the burden of making a

19  property document production from the defendants (whose burden it is) to the plaintiff."

20      On or about December 7, 2017, Plaintiff City served Defendant JUM with the City's

21  Request for Production of Documents, Set One. The City's request required the

22  production as they are kept in the usual course of business or organized and labeled to

23  correspond with each individual demand in the discovery request. Electronically stored

24  documents were to be produced in their native file format.

25      Not only did JUM fail to produce electronically stored documents in their native file

26  format but it neglected to state the form it intended to use, as required by Rule 34(b)(2)(D),

27  to facilitate a meet and confer. That failure places the City at a disadvantage with respect

28  to emails, in that the City does not have equal access to chronologically sorted emails with

1   corresponding search capabilities to chronologically organized records. While, JUM did

2   identify some documents that had been previously produced as part of JUM's initial

3   disclosure (see Response to Request for Production Nos. 1, 2 and 5), those documents

4   that were physically produced as part of JUM's response to the RFP were not organized or

5   labeled to correspond to the categories to which they were responsive.

6   In other instances (see Response to Request for Production Nos. 3, 4, 6, 7 and 9),

7   JUM responded with boilerplate objections, narrowed the request by reframing the

8   language of the request and stated that it would "produce all relevant, non-privileged, and

9   reasonably accessible writings...to the extent that such documents have not already been

10  produced." In response to these same production requests, JUM failed to identify which

11  responsive documents, if any, had already been produced.

12  As for Request for Production No. Eight (8), JUM asserted boilerplate objections

13  and requested a meet and confer in lieu of offering a response but never actually conferred

14  regarding this request. Moreover, JUM has never stated that any documents responsive

15  to this request have been produced.

16  These evasive responses are problematic, in part, because JUM did not confirm if it

17  was withholding any documents based on privilege and, if so, did not serve a privilege log

18  pursuant to Rule 26. Consequently, it is impossible for the City to know if any documents

19  have been either produced or withheld and on what basis. There is no way to ascertain

20  whether responsive documents have been produced or whether any additional responsive

21  documents exist. The documents that were produced with JUM's response were provided

22  to the City, en masse, in a stack of over a thousand documents (Bates Nos. JUM 17660 –

23  18916) and were not organized or labeled to correspond to any of the corresponding

24  requests for production. To the extent JUM responded by reframing some of the City's

25  requests, JUM's responses were not only non-responsive to the document request, but it

26  was impossible for the City to determine if all responsive documents were produced.

27  JUM's responses to the City's Request for Production, Set One are evasive, non-

28  responsive and fail to comply with Rule 34. Defendant JUM should be ordered to amend

1  its responses to confirm with Rule 34 and to apprise the City (1) of the identity of the

2  specific documents that were produced in response to the subject requests; (2) confirm

3  whether or not any documents are being withheld; (3) identify the documents that are

4  being withheld, if any; (4) for any documents that are being withheld, specify on what basis

5  each document is being withheld; and (5) produce all emails in searchable native file

6  format as originally requested.

7       B.    <u>J.U.M.</u>

8  **Overview of J.U.M.'s Position**

9       The City's "Statement of Dispute" and Position statement do not accurately describe

10  the discussions between the parties but rather "reverse course" on matters on which the

11  parties reached agreement.

12       The parties have conferred and "agreed to disagree" about one issue only—whether

13  J.U.M. is required to identify, by Bates number, for each of the City's 177 requests for

14  production, the document or documents that correspond. Given that the parties have

15  reached an impasse on this document "indexing" issue, J.U.M. agrees that guidance from

16  the Court on that issue would be valuable. As set forth below, J.U.M. produced its

17  documents as they were kept in the ordinary course of business (an option available to

18  J.U.M. under Rule 34(2)(E)(i)) and ESI is a very useable format (and in the same format as

19  the City produced its ESI). J.U.M. is not required to identify, by Bates number, for each

20  request for production, the document or documents that correspond.

21       As for the other issues raised by the City, in view of the positions set forth in the

22  City's statements, additional meet and confer is required, and J.U.M. suggests that a

23  conference call be held on Monday, June 25. Counsel for the City and J.U.M. previously

24  agreed that the production of emails in PDF (the format used by both sides in this case)

25  was generally acceptable, but that if either party wanted to see a particular email in native

26  format, the other party would accommodate. Now, the City appears to be reversing course

27  on that issue. Given that this has the potential for both sides to reproduce emails in a

28  different format, with little if any advantage, this is an issue that deserves further

1  discussion.  As for assurances about "full production," J.U.M. has repeatedly confirmed

2  that it has produced all responsive, non-privileged documents—its entire file for the subject

3  project, including all project-related emails.

4      The City also fails to describe the history here.  The parties produced documents to

5  each other in 2016, and each did so in the same way—by producing PDFs.  The City

6  never objected to the form of J.U.M.'s production and in fact the City produced its

7  documents in the same way.  This is why J.U.M.'s responses typically refer to documents

8  previously produced—because the vast majority of documents were produced in 2016

9  during the initial disclosure phase—without concern or objection.

10 **The One Issue That Is "Ripe" for Resolution**

11     In effect, the City wants J.U.M. to undertake the burden of preparing a detailed,

12 RFP-by-RFP index, for its entire document production, for each of the City's 177 requests.

13 Requiring J.U.M. to re-review the documents that it produced, simply to connect each

14 document to the request or requests for production to which it relates, is contrary to Rule

15 34.  Rule 34(2)(E)(i) provides the responding party with the option of producing responsive

16 documents in the manner in which they are maintained in the ordinary course of business

17 – which J.U.M. did – or organized by request for production.  In this regard, it is worthwhile

18 to distinguish between J.U.M.'s production of electronically stored email and everything

19 else.

20 **J.U.M.'s Production of Electronically Stored Email**

21     This rule does not require that electronically stored information ("ESI") (which

22 comprises the vast bulk of J.U.M.'s productions) be produced "in the form it [sic] which it is

23 ordinarily maintained, as long as it is produced in a reasonably usable form." Adv. Comm.

24 Notes to 2006 Amendment.  J.U.M.'s ESI production easily meets this standard, as

25 discussed below.

26     For this reason, the authorities cited by the City do not apply.  ESI is different than

27 traditional "paper" document productions, and J.U.M. is not required to do the City's

28 work—by cataloguing and categorizing emails.

1    In addition, before receipt of the City's draft "Joint Statement," J.U.M. understood

2    that all issues raised by the City about the form of production of email had been resolved.

3    Earlier this year, at the City's request, J.U.M. reproduced its entire email production (in

4    PDF, without complaint) to correct the omission of the date from the last in chain emails.

5    (This was a reasonable request that the City made, and the resulting email production is of

6    far more use to all concerned, J.U.M.'s legal team included. The City voiced no other

7    concerns about the form or production.) More recently, the City raised a concern that the

8    City might need to receive some emails in native form and counsel reached an

9    agreement—that upon reasonable request, where the City needs particular items in native

10    format, J.U.M. will accommodate. These were the only issues voiced by the City about the

11    form of email production and they were resolved. The only issue that remained was

12    whether J.U.M. should be required to prepare an "RFP-by-RFP" index of its entire

13    document production.

14    It is worth noting that the form of J.U.M.'s productions (PDF files) is the same as

15    how the City has produced documents. If that form of production was improper, surely the

16    City would not have produced in that way. All of these productions (by the City and by

17    J.U.M.) were normal and customary for cases of this size. It is also worth noting that given

18    the manner in which J.U.M.'s emails were produced (as "live text" PDF files) a host of full

19    text search engines are available (including Adobe products) to do any search the City

20    could ever want to run.

21    For email, there is no merit whatsoever to the City's position.

22    **Work Product Privilege**

23    The City's position would also invade work product, by having J.U.M.'s legal team

24    do work that the City do for itself (and the reverse would be true if J.U.M. demanded that

25    the City categorize and catalogue its document production). J.U.M. has produced all

26    requested documents. To have J.U.M.'s legal counsel identify which documents "support"

27    various contentions of JUM invariably asks for mental impressions and invades work

28    product privilege. The City has the universe of documents and can determine for

1  themselves what does or doesn't support various issues.  If the City wishes to draft and

2  serve interrogatories about particular facts and contentions, that is certainly an option the

3  City has.

4  **Burden**

5        Requiring the responding party to spend tens of thousands of dollars to categorize

6  each document by request for production is a useless exercise that succeeds only in

7  needlessly increasing the burden and cost of litigation.  Given the huge number of

8  document requests the City has served (again, 177), the burden would be extraordinary

9  and would far outweigh any benefit, even if it were required.

10  **Non-Email**

11        J.U.M. has noted time and again, and in its various document production

12  responses, that it has produced documents as they were maintained in the ordinary course

13  or business.  On May 30, 2018, in an effort to avoid a motion (on what J.U.M. views as a

14  non-substantive issue), J.U.M. furnished to the City a detailed index of J.U.M.'s non-email

15  documents.  This was an effort to compromise.  J.U.M. was not required to prepare or

16  furnish such an index but did so to ensure the City could easily locate what it wishes to

17  review.  There is no basis for the City's position that J.U.M.'s productions were improper or

18  that Rule 34 was violated in any way.

19

20  **III.  EACH PARTY'S VIEW**

21        A.  <u>CITY OF SAN JOSE</u>

22        The City has repeatedly attempted, in good faith, to meet and confer regarding the

23  above discovery issues to resolve the parties' disputes without court intervention but to no

24  avail.  The City respectfully requests an order requiring Defendant JUM to provide

25  responses to the City's Request for Production, Set One and that comply with Rule 34, as

26  set forth above.  The City believes such a ruling can be made without a hearing but will

27  work with counsel to schedule a hearing if the Court feels doing so will assist in resolving

28  the matter.

B.   <u>JUM</u>

Until receipt of the City's proposed "Joint Statement," J.U.M. understood that only one issue remained—whether J.U.M. must identify, RFP-by-RFP, which of its documents correspond. As noted above, J.U.M. understood the issue about PDF versus native email production had been resolved by agreement. But if that issue truly remains open, further discussion is warranted. Neither side has produced privilege logs, and J.U.M. questions whether listing out communications to and from counsel serves any purpose. That, again, is a topic not yet discussed, and perhaps a simultaneous exchange of privilege logs (with agreed parameters) can be arranged. The City may have other suggestions. J.U.M. stands ready to meet and confer, as early as Monday, June 25, 2018, to see if the other issues can be resolved.

**IV.   DISCOVERY CUT OFF DATES:**

    A.    Fact Discovery Cutoff:    September 17, 2018

    B.    Expert Discovery Cutoff:    December 3, 2018

**V.   MEET AND CONFER**

<u>Participants for all calls, meetings and emails:</u>  Alan R. Lipton and John Ralls

<u>Letters:</u>                            March 22, May 18, May 22,

<u>Emails:</u>                             April 10, May 3, May 24, May 25, May 30, May 31, June 7, June 8

<u>Telephone Calls:</u>            April 10, May 3

<u>In-Person Meetings:</u>         June 15, 2018

///
///
///
///
///

## VI.   EXHIBITS

   A.   Plaintiff City of San Jose's Request for Production of Documents, Set One

   B.   Defendant JUM Global, LLC's Responses to Request for Production of
        Documents, Set One

DATED:   June __, 2018                    RICHARD DOYLE, City Attorney

                                          By: _____
                                                NKIA D. RICHARDSON
                                                Sr. Deputy City Attorney
                                                Attorney for the CITY OF SAN JOSE

DATED:  June 22, 2018

                                          RALLS GRUBER & NIECE LLP


                                          By: _____/s/John Ralls_____
                                                John W. Ralls
                                                Attorneys for Defendant J.U.M.
                                                GLOBAL, LLC


   I attest that Defendant's counsel has read and approved this document, and given

consent to the filing of the same with the Court.


Dated:  June 22, 2018                     RICHARD DOYLE, City Attorney

                                          By: _____
                                                NKIA D. RICHARDSON
                                                Sr. Deputy City Attorney

                                          Attorneys for CITY OF SAN JOSE

# EXHIBIT A



RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
ARDELL JOHNSON, Chief Deputy City Attorney (95340)
NKIA D. RICHARDSON, Sr. Deputy City Attorney (193209)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Plaintiff and Counter-Defendant
CITY OF SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

CITY OF SAN JOSE,

        Plaintiff,

    v.

JUM GLOBAL, L.L.C.,

        Defendant.

J.U.M. GLOBAL, LLC,

        Counter-Claimant,

    v.

CITY OF SAN JOSE

        Counter-Defendant

Case Number: 5:16-CV-01462 HRL

**CITY OF SAN JOSE'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JUM GLOBAL, LLC**
(SET ONE)

| | |
|---|---|
| **PROPOUNDING PARTY:** | **Plaintiff CITY OF SAN JOSE** |
| **RESPONDING PARTY:** | **Defendant JUM GLOBAL, LLC** |
| **SET NUMBER:** | **ONE** |

1

1    Pursuant to Code of Civil Procedure sections 2031.010, *et. seq.*, defendant City of
2  San José hereby requests that defendant JUM GLOBAL, LLC (hereinafter "JUM" or
3  "defendant") produce, for inspection and copying, the documents and/or things described
4  below. The place for inspection shall be at the San Jose City Attorney's Office, 200 E. Santa
5  Clara Street, 16th Floor, San Jose, California, 95113, (408) 535-1900. The date and time for
6  such inspection shall be thirty days from the date of service of this Request.

7    In lieu of personal appearances and production on the above date, compliance with
8  this Request for Production of Documents may be accomplished by mailing on or before the
9  above date to counsel at the above address, full, true, and correct copies of the requested
10  documents, verified by you as such, in a manner prescribed for the response to the demand
11  for inspection of documents pursuant to Code of Civil Procedure sections 2031.010, *et seq.*

12                              **DEFINITIONS**

13    1.    The terms "YOU" or "YOUR" or "JUM" refers to the party or parties to whom
14  this request for production of documents is addressed and any person acting on their
15  behalf including, but not limited to, their agents, employees, attorneys, accountants,
16  investigators, partners, representative and insurance companies

17    2.    The terms "DOCUMENT" and/or "WRITING" as used herein are intended to
18  have the broadest possible meaning and encompasses without limitation the definitions of
19  EVIDENCE and WRITING set forth in Evidence Code sections 140 and 250, respectively,
20  and includes the original or copy, and both sides thereof, of handwriting, typewriting, printing,
21  photostating, photographing, and every other means of recording upon any tangible thing,
22  any form of communication and representation, including electronic messages, letters,
23  words, pictures, sounds, and symbols, or combinations of them.

24    If your response to a particular demand is a **statement that you will comply** with that
25  demand, you must state in your response whether the production will be allowed in whole or
26  in part, and you must state that all documents or things in the demanded category that are in
27  your possession, custody or control and to which no objection is being made will be included
28  in the production.

2

1    If your response to a particular demand is a **statement that you lack the ability to**
2    **comply** with that demand, you must affirm in your response that a diligent search and a
3    reasonable inquiry has been made in an effort to comply with that demand. This statement
4    shall also specify whether the inability to comply is because the particular item category
5    never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been,
6    or is no longer, in your possession, custody or control, in which case the name and address
7    of any person or entity known or believed by you to have possession, custody or control of
8    that document or category of documents should be identified.

9    If your response to a particular demand is an **objection**, you must set forth in your
10   response the extent of, and the specific ground for, the objection. In your response, you
11   must also identify with particularity any document responsive to the particular demand that is
12   being withheld from production based upon a claim of privilege or other protection and state
13   the particular privilege or protection being invoked. **To identify with particularity**
14   **documents withheld from production**, you should provide, for each document withheld,
15   the following information if known or available to you:

16          1.     Title or subject matter of document;
17          2.     The date composed or date appearing on the document;
18          3.     Author and addressee;
19          4.     Number of pages;
20          5.     Identity of all persons or entities who saw or received a copy of such
21                 document, including the job titles of each such persons;
22          6.     The present location of the item; and
23          7.     The identity of the person or persons who have custody, control, or
24                 possession thereof.

25   This request requires the production of documents as they are kept in the usual
26   course of business or organized and labeled to correspond with the particular demands set
27   forth below. If you choose the former method, the documents are to be produced in the
28   boxes, file folders, bindings or other containers in which the documents are found. The

3

1  titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are

2  to be left intact. ***Electronically stored documents are to be produced in their native file***

3  ***format.***

4  **REQUEST FOR PRODUCTION**

5  REQUEST FOR PRODUCTION NO. 1:

6  Please provide each and every WRITING which refers or relates to the contract

7  between the Parties, including but not limited to emails and other WRITINGS with third

8  parties such as Zero Waste Management, Concord Blue Energy, ICM Inc.

9  REQUEST FOR PRODUCTION NO. 2:

10  Please provide each and every WRITING which refers or relates to the California

11  Energy Commission's ("CEC's") Grant to the City of San Jose ("City") and all amendments

12  to the Grant in this case, including but not limited to emails and other WRITINGS with third

13  parties such as the CEC, Zero Waste Management, Concord Blue Energy, ICM Inc.

14  REQUEST FOR PRODUCTION NO. 3:

15  Please provide each and every WRITING which refer or relate to payments to JUM

16  in this case, including but not limited to all emails and other WRITINGS with third parties

17  such as the CEC, Zero Waste Management, Concord Blue Energy, ICM Inc.

18  REQUEST FOR PRODUCTION NO. 4:

19  Please provide each and every WRITING between JUM and ICM which refers or

20  relates to this matter including but not limited to, all original and draft documents reflecting

21  the negotiation of all agreements and proposed agreements between those entities.

22  REQUEST FOR PRODUCTION NO. 5:

23  Please provide each and every WRITING between JUM and CONORD BLUE

24  ENERGY including but not limited to letters and emails all original and draft documents

25  reflecting the negotiation of all agreements and proposed agreements between those

26  entities.

27  ///

28  ///

4

1 | REQUEST FOR PRODUCTION NO. 6:

2       Please provide each and every WRITING which refers and relates to payments

3 | made by JUM to ICM, including but not limited to bank records, cancelled checks, drafts,

4 | receipts for cash payments or any other WRITING showing the amount of payments

5 | and/or the date such payments were made.

6 | REQUEST FOR PRODUCTION NO. 7:

7       Please provide each and every WRITING which constitutes a bank record of the

8 | deposit of the funds JUM received from the City allegedly for JUM's payment to ICM of

9 | JUM's match share for the purchase of the gasifier unit.

10 | REQUEST FOR PRODUCTION NO. 8:

11       Please provide each and every WRITING which constitutes a bank record of the

12 | JUM ability or inability to pay its match share for the purchase of the gasifier unit without

13 | the need to receive any funds from the City in order to make its match share payment.

14 | REQUEST FOR PRODUCTION NO. 9:

15       Please provide each and every WRITING which constitutes a bank record of the

16 | funds paid to ICM toward the purchase of the gasifier unit.

17

18                        Respectfully submitted,

19 | Dated: December 7, 2017           RICHARD DOYLE, City Attorney

20

21                        By:

22                          ALAN R. LIPTON
                         Sr. Deputy City Attorney

23                     Attorneys for Plaintiff
                    CITY OF SAN JOSE

24

25

26

27

28

# PROOF OF SERVICE

CASE NAME:   CITY OF SAN JOSE v. JUM GLOBAL, L.L.C

CASE NO.:   16-CV-01462 HRL

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On December 7, 2017, I caused to be served the within:

**CITY OF SAN JOSE'S REQUEST FOR PRODUCTION OF DOCUMENTS**
(SET ONE)

☐   by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐   by PERSONAL DELIVERY, with a copy of this declaration, by causing to be personally delivered a true copy thereof to the person at the address set forth below.

☐   by FACSIMILE TRANSMISSION, with a copy of this declaration, to a facsimile machine at the facsimile machine telephone number listed below.

The above-described transmission was reported as complete without error by a transmission report issued by the facsimile machine immediately following the transmission.

☐   by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on Date (Month/Day/Year), at Time (i.e., 10:30) a.m. or p.m., and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

☒   by EXPRESS MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal

6

1    Service. Said correspondence would be deposited with the United States Postal
     Service that same day in the ordinary course of business.

2    ☐    by OVERNIGHT DELIVERY, with a copy of this declaration, by depositing them into
          a sealed envelope/package, with delivery fees fully prepaid/provided for, and
3
4              ☐   causing the envelope/package to be deposited for collection
                   causing the envelope/package to be delivered to an authorized
                   courier or driver to receive the envelope/package
5
6              designated by the express service carrier for next day delivery.

7    I further declare that I am readily familiar with the business' practice for collection
     and processing of correspondence for overnight delivery by an express courier
     service. Such correspondence would be deposited with the express service or
8    delivered to the authorized express service courier/driver to receive an
     envelope/package for the express service that same day in the ordinary course of
9    business.

10   Addressed as follows:

11   John W. Ralls, Esq.
     W. Samuel Niece, Esq.
12   RALLS GRUBER & NIECE LLP
     1700 S. El Camino Real, Suite 150
13   San Mateo, CA 94402
     Telephone: 650.458.4040
14   Facsimile: 650.240.2250
     jralls@rallsgruber.com
15
     Attorneys for Defendant JUM Global, LLC
16

17        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct. Executed on December 7, 2017, at San Jose, California.
18

19                                                  Tammy Clark
20

21

22

23

24

25

26

27

28

 

Shipping     Tracking     Printing Services     Locations     Support



After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**OUR COMPANY**

About FedEx
Our Portfolio
Investor Relations
Careers

**MORE FROM FEDEX**

FedEx Blog
Corporate Responsibility
Newsroom
Contact Us

FedEx Compatible
Developer Resource Center
FedEx Cross Border

**LANGUAGE**

Change Country

English

**FOLLOW FEDEX**

© FedEx 1995-2017          Feedback     |     Site Map     |     Terms of Use     |     Security & Privacy

**EXHIBIT B**

John W. Ralls, #148233
jralls@rallsgruber.com
W. Samuel Niece, #148645
sniece@rallsgruber.com
Anita W. Chu, # 305486
achu@rallsgruber.com
RALLS GRUBER & NIECE LLP
1700 S. El Camino Real, Suite 150
San Mateo, CA  94402
Telephone: 650.458.4040
Facsimile:  650.240.2250

Attorneys for Defendant
J.U.M. GLOBAL, LLC

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| CITY OF SAN JOSE,<br><br>Plaintiff,<br><br>v.<br><br>JUM GLOBAL, L.L.C.,<br><br>Defendant. | Case No.   5:16-CV-01462-HRL<br><br>**J.U.M. GLOBAL, LLC'S RESPONSE TO CITY OF SAN JOSE'S REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE** |

**PROPOUNDING PARTY:**      Plaintiff City of San Jose

**RESPONDING PARTY:**      Defendant J.U.M. Global, LLC

**SET NUMBER:**      ONE

Defendant J.U.M. Global, LLC ("J.U.M")  responds to Plaintiff City of San Jose's

("City's") Request for Production of Documents, Set One (the "Requests") served on December

7, 2017 as follows:

1

**PRELIMINARY STATEMENT**

These responses are based on J.U.M.'s investigation to-date, and reflect the current status of J.U.M.'s knowledge, understanding, and belief respecting the Requests. J.U.M.'s investigation is continuing, and all information contained herein is based solely upon such information and evidence as is presently available and known to J.U.M. upon information and belief at this time. Further discovery, investigation, research, and analysis may supply additional facts and meaning to currently known information. J.U.M. reserves the right to amend any and all responses herein as additional facts are ascertained, legal research is completed, and analysis is undertaken. The responses made herein are made in a good faith effort to supply as much information as presently known to J.U.M.

Information contained in any response to these requests is not an admission or acknowledgement by J.U.M. that such information is relevant to any claim or defense in this action; is without prejudice to J.U.M.'s right to contend at trial or in any other subsequent proceeding, in this action or otherwise, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to, or waiver of, any objection to any future use of such information that J.U.M. may be advised to make. J.U.M. reserves the right to the immediate return of inadvertently produced privileged documents.

**OBJECTIONS APPLICABLE TO ALL REQUESTS**

J.U.M. incorporates the following objections to each response below:

1.  J.U.M. objects to each request, including without limitation any portion of the definitions and instructions, that imposes duties or obligations or seeks information beyond what is provided or permitted by the Federal Rules of Civil Procedure, the rules of this Court, or any other applicable rules.

2.  J.U.M. objects to each request that seeks the collection and production of electronic correspondence as excessive, unduly burdensome, and unnecessary.

3.  To the extent that the requested documents have already been produced, J.U.M. will not re-produce those documents it previously produced as part of its initial disclosures.

## RESPONSE TO REQUEST FO RPDOCUTION OF DOCUMENTS

**Request No. 1:**

Please provide each and every WRITING which refers or relates to the contract between the Parties, including but not limited to emails and other WRITINGS with third parties such as Zero Waste Management, Concord Blue Energy, ICM Inc.

**Response to Request No. 1:**

J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence, and oppressive and burdensome. J.U.M. further objects on the grounds that the documents requested contain information that is protected by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving the foregoing objections, J.U.M. responds as follows:

Documents relating to or referring to Zero Waste Energy that relate to the contract between the Parties have been previously produced as part of J.U.M.'s initial disclosures as bates numbers: JUM 000138-000140, JUM 000183-000366, JUM 000432-000433, JUM 000438-000504, JUM 000632-000651, JUM 000656, JUM 000662-000666, JUM 000669-000676, JUM 000706-000708, JUM 000738-000753, JUM 000791-000971, JUM 000986-000990, JUM 001039-001043, JUM 010780-010781, JUM 010783, JUM 010787-010790, JUM 010794-010801, JUM 011301-011318, JUM 011637-011638, JUM 011923-011949, JUM 012145-012149, JUM 012153-012158, JUM 012479-012586, JUM 013333-013339, JUM 013349-013351, JUM 013353-013354, JUM 013384-013439, JUM 013440-013491, JUM 013829-013836, JUM 013846-014032, JUM 014061-014070, JUM 014417-015709, JUM 015712-015795, JUM 016812-016896, JUM 016898-016902, JUM 016905-016907, JUM 016921-016921, JUM 016956, JUM 016958, JUM 016960, JUM 016962-016985, JUM 016986-016991, JUM 016993-016999, JUM 017033-017098, JUM 017099-017121, JUM 017171-017179.

Documents relating to or referring to ICM that relate to the contract between the Parties have been previously produced as part of J.U.M.'s initial disclosures as bates numbers: JUM 010006-010014, JUM 010108-010206, JUM 010253-010272, JUM 010275-010426, JUM

3

1   010428-010542, JUM 010544-010545, JUM 010602-010603, JUM 010757-010759, JUM
2   010791-010818, JUM 010822-010893, JUM 010895-010906, JUM 011020-011025, JUM
3   011032-011033, JUM 011189-011193, JUM 011346-011347, JUM 011383-011387, JUM
4   011501-011506, JUM 011561-011621, JUM 011694-011697, JUM 011700-011704, JUM
5   011711-011712, JUM 011864-011868, JUM 012013-012019, JUM 012022-012040, JUM
6   012075, JUM 012091-012101, JUM 012104-012149, JUM 012153-012158, JUM 012172-
7   012362, JUM 012377-012394, JUM 012411-012431, JUM 012924-012929, JUM 013052-
8   013057, JUM 013109-013169, JUM 013213-013228, JUM 013236-013238, JUM 013333-
9   013339, JUM 013349-013351, JUM 013353-013354, JUM 013384-013439, JUM 013440-
10  013456, JUM 013459-013471, JUM 013829-013836, JUM 014061-014070, JUM 014176, JUM
11  014177-014182, JUM 014201, JUM 014206-014207, JUM 014227-014228, JUM 014384-
12  014388, JUM 016905-016907, JUM 016986-016991, JUM 016993-016998, JUM 017030-
13  017032, JUM 017047-017098, JUM 017099-017121, JUM 017118-017170, JUM 017171-
14  017179, JUM 017192, JUM 017193-017204, JUM 017206-017225, JUM 017226-017277, JUM
15  017319-017370, JUM 017420-017425, JUM 017443, JUM 017446-017450, JUM 017452, JUM
16  017456-017457, JUM 017477, JUM 017505-017510.
17      Documents relating to or referring to Concord Blue Energy that relate to the contract
18  between the Parties have been previously produced as part of J.U.M.'s initial disclosures as bates
19  numbers: JUM 010615-010617, JUM 010621-010629, JUM 010714-010716, JUM 011724-
20  011726, JUM 011730-011738, JUM 011823-011825, JUM 011929-011945, JUM 012479-
21  012586, JUM 013333-013339, JUM 013679-013714, JUM 013846-014032, JUM 014240-
22  014242, JUM 014246-014254, JUM 014339-014341, JUM 014425-014789, JUM 014791-
23  015709, JUM 017214-017219, JUM 017490-017492, JUM 017496-017504, JUM 017595-
24  017597.
25      Documents relating to or referring to CEC that relate to the contract between the Parties
26  have been previously produced as part of J.U.M.'s initial disclosures as bates numbers: JUM
27  000186-000366, JUM 000540-000544, JUM 000632-000651, JUM 000657-000660, JUM
28  000667, JUM 000669-000676, JUM 000736-000737, JUM 000738-000753, JUM 000791-

4

1   000971, JUM 010536-010537, JUM 010596-010629, JUM 010706-010742, JUM 011279-
2   011286, JUM 011303-011318, JUM 011320-011329, JUM 011334-011342, JUM 011346-
3   011358, JUM 011640-011643, JUM 011672-011693, JUM 011710-011712, JUM 011717-
4   011738, JUM 011815-011851, JUM 011923-011949, JUM 012081-012088, JUM 012361-
5   012362, JUM 012366-012372, JUM 012377-012378, JUM 012399, JUM 013384-013439, JUM
6   013440-013456, JUM 013829-013836, JUM 013846-014032, JUM 014061-014071, JUM
7   014177-014182, JUM 014226-014228, JUM 014233-014254, JUM 014331-014368, JUM
8   014392-014395, JUM 014425-015711, JUM 015712-015795, JUM 016812-016896, JUM
9   016913-016955, JUM 016992, JUM 016993-016999, JUM 017000-017009, JUM 017103-
10  017121, JUM 017171-017179, JUM 017193-017205, JUM 017214-017219, JUM 017222-
11  017225, JUM 017398-017425, JUM 017476-017478, JUM 017483-017510, JUM 017587-
12  017624.

13          J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings that

14  refer or relate to the contract between the Parties, including writings with third parties, to the

15  extent that such documents have not already been produced in J.U.M.'s initial production.

16  **Request No. 2:**

17          Please provide each and every WRITING which refers or relates to the California Energy

18  Commission's ("CEC's") Grant to the City of San Jose ("City") and all amendments to the Grant

19  in this case, including but not limited to emails and other WRITINGS with third parties such as

20  the CEC, Zero Waste Management, Concord Blue Energy, ICM Inc.

21  **Response to Request No. 2:**

22          J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

23  permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

24  and oppressive and burdensome. J.U.M. further objects on the grounds that the documents

25  requested contain information that is protected by the attorney-client privilege and/or attorney

26  work product doctrine. Subject to and without waiving the foregoing objections, J.U.M. responds

27  as follows:

28

1  Documents relating to or referring to Zero Waste Energy that relate to the CEC Grant to
2  the City have been previously produced as part of J.U.M.'s initial disclosures as bates numbers:
3  JUM 000138-000140, JUM 000183-000366, JUM 000432-000433, JUM 000438-000504, JUM
4  000632-000651, JUM 000656, JUM 000662-000666, JUM 000669-000676, JUM 000706-
5  000708, JUM 000738-000753, JUM 000791-000971, JUM 000986-000990, JUM 001039-
6  001043, JUM 010780-010781, JUM 010783, JUM 010787-010790, JUM 010794-010801, JUM
7  011301-011318, JUM 011637-011638, JUM 011923-011949, JUM 012145-012149, JUM
8  012153-012158, JUM 012479-012586, JUM 013333-013339, JUM 013349-013351, JUM
9  013353-013354, JUM 013384-013439, JUM 013440-013491, JUM 013829-013836, JUM
10  013846-014032, JUM 014061-014070, JUM 014417-015709, JUM 015712-015795, JUM
11  016812-016896, JUM 016898-016902, JUM 016905-016907, JUM 016921-016921, JUM
12  016956, JUM 016958, JUM 016960, JUM 016962-016985, JUM 016986-016991, JUM 016993-
13  016999, JUM 017033-017098, JUM 017099-017121, JUM 017171-017179.
14  Documents relating to or referring to ICM that relate to the CEC Grant to the City have
15  been previously produced as part of J.U.M.'s initial disclosures as bates numbers: JUM 010006-
16  010014, JUM 010108-010206, JUM 010253-010272, JUM 010275-010426, JUM 010428-
17  010542, JUM 010544-010545, JUM 010602-010603, JUM 010757-010759, JUM 010791-
18  010818, JUM 010822-010893, JUM 010895-010906, JUM 011020-011025, JUM 011032-
19  011033, JUM 011189-011193, JUM 011346-011347, JUM 011383-011387, JUM 011501-
20  011506, JUM 011561-011621, JUM 011694-011697, JUM 011700-011704, JUM 011711-
21  011712, JUM 011864-011868, JUM 012013-012019, JUM 012022-012040, JUM 012075, JUM
22  012091-012101, JUM 012104-012149, JUM 012153-012158, JUM 012172-012362, JUM
23  012377-012394, JUM 012411-012431, JUM 012924-012929, JUM 013052-013057, JUM
24  013109-013169, JUM 013213-013228, JUM 013236-013238, JUM 013333-013339, JUM
25  013349-013351, JUM 013353-013354, JUM 013384-013439, JUM 013440-013456, JUM
26  013459-013471, JUM 013829-013836, JUM 014061-014070, JUM 014176, JUM 014177-
27  014182, JUM 014201, JUM 014206-014207, JUM 014227-014228, JUM 014384-014388, JUM
28  016905-016907, JUM 016986-016991, JUM 016993-016998, JUM 017030-017032, JUM

6

1  017047-017098, JUM 017099-017121, JUM 017118-017170, JUM 017171-017179, JUM

2  017192, JUM 017193-017204, JUM 017206-017225, JUM 017226-017277, JUM 017319-

3  017370, JUM 017420-017425, JUM 017443, JUM 017446-017450, JUM 017452, JUM 017456-

4  017457, JUM 017477, JUM 017505-017510.

5       Documents relating to or referring to Concord Blue Energy that relate to the CEC Grant to

6  the City have been previously produced as part of J.U.M.'s initial disclosures as bates numbers:

7  JUM 010615-010617, JUM 010621-010629, JUM 010714-010716, JUM 011724-011726, JUM

8  011730-011738, JUM 011823-011825, JUM 011929-011945, JUM 012479-012586, JUM

9  013333-013339, JUM 013679-013714, JUM 013846-014032, JUM 014240-014242, JUM

10  014246-014254, JUM 014339-014341, JUM 014425-014789, JUM 014791-015709, JUM

11  017214-017219, JUM 017490-017492, JUM 017496-017504, JUM 017595-017597.

12       Documents relating to or referring to CEC that relate to the CEC Grant to the City have

13  been previously produced as part of J.U.M.'s initial disclosures as bates numbers: JUM 000186-

14  000366, JUM 000540-000544, JUM 000632-000651, JUM 000657-000660, JUM 000667, JUM

15  000669-000676, JUM 000736-000737, JUM 000738-000753, JUM 000791-000971, JUM

16  010536-010537, JUM 010596-010629, JUM 010706-010742, JUM 011279-011286, JUM

17  011303-011318, JUM 011320-011329, JUM 011334-011342, JUM 011346-011358, JUM

18  011640-011643, JUM 011672-011693, JUM 011710-011712, JUM 011717-011738, JUM

19  011815-011851, JUM 011923-011949, JUM 012081-012088, JUM 012361-012362, JUM

20  012366-012372, JUM 012377-012378, JUM 012399, JUM 013384-013439, JUM 013440-

21  013456, JUM 013829-013836, JUM 013846-014032, JUM 014061-014071, JUM 014177-

22  014182, JUM 014226-014228, JUM 014233-014254, JUM 014331-014368, JUM 014392-

23  014395, JUM 014425-015711, JUM 015712-015795, JUM 016812-016896, JUM 016913-

24  016955, JUM 016992, JUM 016993-016999, JUM 017000-017009, JUM 017103-017121, JUM

25  017171-017179, JUM 017193-017205, JUM 017214-017219, JUM 017222-017225, JUM

26  017398-017425, JUM 017476-017478, JUM 017483-017510, JUM 017587-017624.

27       J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings that

28  refer or relate to CEC's Grant to the City and all amendments to the Grant, including writings to

7

1  third parties, to the extent that such documents have not already been produced in J.U.M.'s initial

2  production.

3  **Request No. 3:**

4     Please provide each and every WRITING which refer or relate to payments to JUM in this

5  case, including but not limited to all emails and other WRITINGS with third parties such as the

6  CEC, Zero Waste Management, Concord Blue Energy, ICM Inc.

7  **Response to Request No. 3:**

8     J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

9  permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

10  and oppressive and burdensome. J.U.M. further objects on the grounds that the documents

11  requested contain information that is protected by the attorney-client privilege and/or attorney

12  work product doctrine and contain proprietary and confidential information.

13     Subject to and without waiving the foregoing objections, J.U.M. responds as follows:

14  J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings that refer or

15  relate to payments to J.U.M. in this case, including writing with third parties, to the extent that

16  such documents have not already been produced in J.U.M.'s initial production.

17  **Request No. 4:**

18     Please provide each and every WRITING between JUM and ICM which refers or relates

19  to this matter including but not limited to, all original and draft documents reflecting the

20  negotiation of all agreements and proposed agreements between those entities.

21  **Response to Request No. 4:**

22     J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

23  permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

24  and oppressive and burdensome. J.U.M. further objects on the grounds that the documents

25  requested contain information that is protected by the attorney-client privilege and/or attorney

26  work product doctrine and contain proprietary and confidential information.

27     Subject to and without waiving the foregoing objections, J.U.M. responds as follows:

28

1    J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings that refer or

2    relate to original and draft documents reflecting the negotiations of all agreements and proposed

3    agreements between J.U.M. and ICM in this matter, to the extent that such documents have not

4    already been produced in J.U.M.'s initial production.

5    **Request No. 5:**

6          Please provide each and every WRITING between JUM and CONORD BLUE ENERGY

7    including but not limited to letters and emails all original and draft documents reflecting the

8    negotiation of all agreements and proposed agreements between those entities.

9    **Response to Request No. 5:**

10          J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

11    permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

12    and oppressive and burdensome.  J.U.M. further objects on the grounds that the documents

13    requested contain information that is protected by the attorney-client privilege and/or attorney

14    work product doctrine and contain proprietary and confidential information.  Subject to and

15    without waiving the foregoing objections, J.U.M. responds as follows:

16          In responding to this request, J.U.M. interprets this request to apply to writings that relate

17    to the contract between J.U.M. and the City dated January 8, 2015 for the construction and

18    operation of a gasification demonstration unit at the San Jose-Santa Clara Regional Wastewater

19    (the "Project").

20          Documents relating to or referring to Concord Blue Energy that relate to the negotiation

21    of agreements and proposed agreements between J.U.M. and Concord Blue Energy concerning

22    the Project have been previously produced as part of J.U.M.'s initial disclosures as bates

23    numbers: JUM 010615-010617, JUM 010621-010629, JUM 010714-010716, JUM 011724-

24    011726, JUM 011730-011738, JUM 011823-011825, JUM 011929-011945, JUM 012479-

25    012586, JUM 013333-013339, JUM 013679-013714, JUM 013846-014032, JUM 014240-

26    014242, JUM 014246-014254, JUM 014339-014341, JUM 014425-014789, JUM 014791-

27    015709, JUM 017214-017219, JUM 017490-017492, JUM 017496-017504, JUM 017595-

28    017597.

9

1        J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings

2  relating to the Project between J.U.M. and Concord Blue Energy that reflect the negotiation of all

3  agreements and proposed agreements, to the extent that such documents have not already been

4  produced as part of J.U.M.'s initial production.

5  **Request No. 6:**

6        Please provide each and every WRITING which refers and relates to payments made by

7  JUM to ICM, including but not limited to bank records, cancelled checks, drafts, receipts for cash

8  payments or any other WRITING showing the amount of payments and/or the date such

9  payments were made.

10  **Response to Request No. 6:**

11        J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

12  permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

13  and oppressive and burdensome. J.U.M. further objects on the grounds that the documents

14  requested contain information that is protected by the attorney-client privilege and/or attorney

15  work product doctrine and contain proprietary and confidential information.

16        Subject to and without waiving the foregoing objections, J.U.M. responds as follows: In

17  responding to this request, J.U.M. interprets this request to apply to writings that relate to the

18  Project. J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings

19  relating to the Project that refer and relate to payments made by JUM to ICM, to the extent that

20  such documents have not already been produced in J.U.M.'s initial production.

21  **Request No. 7:**

22        Please provide each and every WRITING which constitutes a bank record of the deposit

23  of the funds JUM received from the City allegedly for JUM's payment to ICM of JUM's match

24  share for the purchase of the gasifier unit.

25  **Response to Request No. 7:**

26        J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

27  permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

28  and oppressive and burdensome. J.U.M. further objects on the grounds that the documents

1  requested contain information that is protected by the attorney-client privilege and/or attorney

2  work product doctrine and contain proprietary and confidential information. Furthermore, J.U.M.

3  objects to the phrase "funds JUM received from the City allegedly for JUM's payment to ICM of

4  JUM's match share for the purchase of the gasifier unit" as unintelligible, vague, and ambiguous.

5  J.U.M.'s payment of its match share for the purchase of the gasifier unit was not paid for by any

6  funds it received from the City.

7      Subject to and without waiving the foregoing objections, J.U.M. responds as follows: In

8  responding to this request, J.U.M. interprets this request as a request for each and every

9  WRITING which constitutes a bank record of the deposit of the funds JUM received from the

10  City allegedly for JUM's payment to ICM for the purchase of the gasifier unit.

11      J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings that

12  constitute a bank record of the deposit of funds J.U.M. received from the City for J.U.M.'s

13  payment to ICM for the purchase of the gasifier unit, to the extent that such documents have not

14  already been produced in J.U.M.'s initial production.

15  **Request No. 8:**

16      Please provide each and every WRITING which constitutes a bank record of the JUM

17  ability or inability to pay its match share for the purchase of the gasifier unit without the need to

18  receive any funds from the City in order to make its match share payment.

19  **Response to Request No. 8:**

20      J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

21  permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

22  and oppressive and burdensome. J.U.M. further objects on the grounds that the documents

23  requested contain information that is protected by the attorney-client privilege and/or attorney

24  work product doctrine and contain proprietary and confidential information. Furthermore, the

25  documents requested are not relevant to the allegations in the pleadings.

26      Subject to and without waiving the foregoing objections, J.U.M. responds as follows:

27  J.U.M. hereby requests the parties meet and confer to determine the appropriate and necessary

28  parameters of this request and the production necessary to comply with this request.

11

1    **Request No. 9:**

2        Please provide each and every WRITING which constitutes a bank record of the funds

3    paid to ICM toward the purchase of the gasifier unit.

4    **Response to Request No. 9:**

5        J.U.M. objects to this request on the grounds that it is overbroad, beyond the scope of

6    permissible discovery, not reasonably calculated to lead to the discovery of admissible evidence,

7    and oppressive and burdensome. J.U.M. also objects on the grounds that the documents

8    requested contain information that is protected by the attorney-client privilege and/or attorney

9    work product doctrine and contain proprietary and confidential information. Furthermore, the

10    phrase "funds paid to ICM" is vague and ambiguous.

11        Subject to and without waiving the foregoing objections, J.U.M. responds as follows: In

12    responding to this request, J.U.M. interprets the phrase "funds paid to ICM" to mean funds paid

13    to ICM by J.U.M. J.U.M. will produce all relevant, non-privileged, and reasonably accessible

14    writings that constitute a bank record of the funds paid to ICM by J.U.M. toward the purchase of

15    the gasifier unit, to the extent that such documents have not already been produced in J.U.M.'s

16    initial production.

17

18    Dated: January 23, 2018            RALLS GRUBER & NIECE LLP

19

20                      By: /s/ John W. Ralls
                           John W. Ralls

21                            Attorneys for Defendant
                           J.U.M. GLOBAL, LLC

22

23

24

25

26

27

28

## Certificate of Service by U.S. Mail
### *City of San Jose v. JUM Global, L.L.C.*
### (Case No. 5:16-CV-01462-HRL)

I am employed in the County of San Mateo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1700 S. El Camino Real, Suite 150, San Mateo, CA 94402.

On January 23, 2018, I served the following documents:

**J.U.M. GLOBAL, LLC'S RESPONSE TO CITY OF SAN JOSE'S REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE**

by placing true copies thereof in a sealed envelope addressed to:

Alan R. Lipton
Nkia D. Richardson
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San Jose, CA 95113

and depositing the sealed envelope or package with the United States Postal Service, with the postage fully prepaid. I also sent a courtesy copy by email to nkia.richardson@sanjoseca.gov, alan.lipton@sanjoseca.gov, and tammy.clark@sanjoseca.gov on the same day.

I declare under penalty of perjury under the laws of the United States of America that the information in this certificate of service is true and correct.

Executed on January 23, 2018, at San Mateo, California.

_____
Anita W. Chu