UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSE, <br>     Plaintiff, <br> v. <br> JUM GLOBAL, LLC, <br>     Defendant. | Case No. 16-cv-01462-VKD <br><br> **ORDER RE DISCOVERY DISPUTE** <br> Re: Dkt. No. 58 |

Plaintiff City of San Jose ("City") and defendant J.U.M Global, LLC ("J.U.M.") filed a joint statement seeking resolution of a discovery dispute in which the City seeks an order compelling J.U.M. to provide more precise written responses to the City's document requests and to produce responsive email in native format. The Court held a hearing on these matters on July 10, 2018.

### 1. J.U.M.'s Written Responses to the City's Request for Production of Documents (Set One)

The City served its first set of document requests on J.U.M. on December 7, 2017. J.U.M. served written responses to each of the nine requests in the set on January 23, 2018. As to all requests, J.U.M. made specific objections and, for some, it made further representations identifying by Bates number responsive documents that had already been produced. In addition, J.U.M. included a representation similar to the following in response to eight of the nine requests:

> Subject to and without waiving the foregoing objections, J.U.M. responds as follows: J.U.M. will produce all relevant, non-privileged, and reasonably accessible writings . . . to the extent that such documents have not already been produced in J.U.M.'s initial production.

*See* Dkt. No. 58, at 23-32 (responses to Requests Nos. 1-7, 9).[1]

The City objects that J.U.M.'s responses make it impossible to know whether J.U.M. is withholding any otherwise responsive documents on grounds of relevance or privilege, and whether there are, in fact, any responsive documents that have not already been produced as part of J.U.M.'s initial production. According to the City, J.U.M.'s response is particularly problematic with respect to documents withheld on grounds of privilege because J.U.M. has not yet provided a privilege log.[2] J.U.M. did not directly address this issue in the joint statement, but at the hearing it acknowledged that it could clarify its responses to make clear which documents, if any, were being withheld and on what grounds.

Rule 34(b)(2) of the Federal Rules of Civil Procedure requires a party responding to a document request to "state with specificity the grounds for objecting to the request, including the reasons," and to "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(B), (C). J.U.M. has not fully complied with that directive. Accordingly, J.U.M. must supplement its responses to the City's Requests Nos. 1-7 and 9 to indicate whether and on what grounds documents that are otherwise responsive to those requests will not be produced. With respect to the City's Request No. 8, it is not clear whether J.U.M. objects to the request in its entirety, or whether it objects to a portion of the request. Rule 34(b)(2)(C) instructs that if a party objects to only a portion of the request, it must so state and must produce documents responsive to the portion of the request to which it does not object. J.U.M. must also supplement its response to Request No. 8 to make the nature and scope of its objections clear and to respond, as appropriate, to the portions of the request to which it does not object. J.U.M. shall supplement its responses to all document requests, as directed above, no later than **July 20, 2018.**

### 2. Production Format for Email

In its first set of document requests to J.U.M., the City specified that electronically stored

---

[1] J.U.M. objected to and did not respond to Request No. 8.
[2] The parties informed the Court that they have conferred since the filing of their joint statement and will reach agreement on a deadline to exchange privilege logs.

documents, including email, be produced in their native file format. *See* Dkt. No. 58 at 15:2. J.U.M. did not object to this demand. However, it produced its responsive electronically stored information ("ESI") in the form of searchable .pdfs, which was not the native format, at least, for responsive email. The City argues that it cannot effectively access and review J.U.M.'s email production in searchable .pdf format and that it requires that email be produced in native format.[3]

At the hearing on July 10, 2018, counsel for both parties confirmed that prior to service by the City of this first set of document requests, J.U.M. had produced email in searchable .pdf format without objection from the City, and that the City itself had produced its own email to J.U.M. in that format. However, the parties did not ever actually reach an agreement on the form of ESI production, nor did they discuss the issue during their Rule 26(f) conference.

The City is correct that Rule 34(b)(2)(D) requires a party responding to document requests to object to a requested form of production for ESI. The City is also correct that Rule 34(b)(2)(E)(i) otherwise requires a party to produce documents as they kept in the ordinary course of business (here, native file format for email) or to organize and label its production to correspond to the categories of documents sought in the requests. Here, while J.U.M. can be faulted for less than perfect compliance with Rule 34, its decision to continue producing ESI, including email, in .pdf format was not unreasonable, given the parties' prior course of conduct. It is not necessary to belabor the point, however, as there is a practical solution to the City's complaint. J.U.M. represented that it likely would not be unduly burdensome to re-produce its email production in native file format. Likewise, the City acknowledged that it likely would not be unduly burdensome to re-produce its email production in native file format. Accordingly, J.U.M. shall re-produce its email production in native file format no later than **July 20, 2018**. At J.U.M.'s request, the City must also re-produce its email production in native file format within 10 days of receiving any such request from J.U.M.

Nothing in this order is intended to preclude the parties from reaching a further or different agreement on the form of production of ESI. Any such agreement should be reduced to writing to

---

[3] The City moves to compel the production of email only in native format, and does not seek the production of other ESI in native format. *See, e.g.,* Dkt. No. 58 at 5:1-6.

avoid future disputes on this point.

**IT IS SO ORDERED.**

Dated: July 11, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge