United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CITY OF SAN JOSE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUM GLOBAL, LLC,<br><br>　　　　Defendant. | Case No. 16-cv-01462-VKD<br><br>**ORDER RE JOINT DISCOVERY LETTER RE JUM GLOBAL'S BANK RECORDS**<br><br>Re: Dkt. Nos. 73, 74 |

Defendant JUM Global, LLC ("JUM") moves to quash plaintiff City of San Jose's ("City") subpoena to Compass Bank seeking the production of certain JUM bank records, or in the alternative for a protective order against production of those records. In addition, the City moves to compel the production of bank records directly from JUM. The parties filed a joint discovery letter on August 28, 2018. Dkt. No. 73. The City provided an update on the status of the subpoena on September 13, 2018. Dkt. No. 74.

Having considered the submissions of the parties, the Court grants JUM's request for relief.

**I.　BACKGROUND**

On March 24, 2016, the City sued JUM for breach of contract and fraud arising out of a failed project to develop technology for converting waste materials to energy. Dkt. No. 1. On July 16, 2018, by stipulation and with leave of court, the City filed an amended complaint adding claims for indemnity against JUM. Dkt. No. 69. Jurisdiction here is based on diversity of citizenship. 28 U.S.C. § 1332.

JUM has asserted several counterclaims in response to the City's original complaint,

including for breach of contract, slander of title, and interference with contractual relations. Dkt. No. 25. The City answered those counterclaims. Dkt. No. 27. JUM has not responded to the City's amended complaint.

On December 7, 2017, the City served requests for production of documents on JUM, including Request No. 8, which asks for:

> [E]ach and every WRITING which constitutes a bank record of the JUM ability or inability to pay its match share for the purchase of the gasifier unit without the need to receive any funds from the City in order to make its match share payment.

Dkt. No. 73, at ECF p.21. In connection with an earlier discovery dispute between the parties, the Court ordered JUM to "supplement its response to Request No. 8 to make the nature and scope of its objections clear and to respond, as appropriate, to the portions of the request to which it does not object." Dkt. No. 68. JUM's supplemental response to this document request is not part of the party's joint submission, although the City asserts, without contradiction from JUM, that JUM did not object to this request on privacy grounds. Dkt. No. 73 at 6.

On July 31, 2018, the City served a subpoena on Compass Bank seeking the following records associated with JUM:

1. All documents that refer or relate to [JUM's account(s)] from January 2014 through May 2015 inclusive, including but not limited to statements, and all documents reflecting deposit information, withdrawal information, and loan information.

2. All documents that refer or relate to any applications by [JUM] to obtaining [sic] financing between January 2014 to May 2015 inclusive, for a renewable energy project located in San Jose, California.

3. All documents that refer or relate to any applications for loans of any kind made by [JUM] from January 2013 to June 2015 inclusive, including but not limited to lines of credit.

Dkt. No. 73 at ECF p. 13. Apparently, JUM advised Compass Bank that it objected to the bank's production of these records, and Compass Bank has declined to produce the records until those objections are resolved. Dkt. No. 74 at ECF p. 3.

## II. LEGAL STANDARD

With respect to the City's Request No. 8 to JUM, the scope of discovery is limited to documents that are relevant to a party's claim or defense and proportional to the needs of the case, taking into account the considerations described in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1). As the party seeking discovery, the City bears the burden of demonstrating that the discovery it seeks meets the requirements of Rule 26(b)(1).

With respect to the City's subpoena to Compass Bank, the permissible scope of a subpoena to a non-party is the same as that for party discovery. *See* Fed. R. Civ. P. 45, advisory committee notes to 1991 amendment, subdivision (a) ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). Objections to a subpoena must be served within 14 days after service of the subpoena or before the time specified for compliance, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B).

In the alternative, a party who is affected by a subpoena to a non-party (but not subject to it) may file a motion to quash or modify the subpoena, assuming the party has standing to do so. Fed. R. Civ. P. 45(d)(3)(B). Rule 45(d)(3)(A) identifies circumstances in which a court *must* grant a motion to quash or modify a subpoena, while Rule 45(d)(3)(B) identifies circumstances in which a court *may* grant such a motion. Fed. R. Civ. P. 45(d)(3)(A) & (B). The court may also issue a protective order limiting discovery under Rule 26(c). Fed. R. Civ. P. 26(c). JUM bears the burden of demonstrating that its motion to quash meets the requirements of Rule 45(d)(3) or that it is entitled to a protective order under Rule 26(c). *See, e.g., Koh v. S.C. Johnson & Son, Inc.*, Case No. C-09-00927-RMW, 2011 WL 940227 at *2 (N.D. Cal., Feb. 18, 2011); *Finley v Pulcrano*, Case No. C-08-0248-PVT, 2008 WL 4500862 at *1 (N.D. Cal., Oct. 6, 2008).

## III. DISCUSSION

The City seeks discovery of JUM's bank records in support of its fraud claim against JUM. Specifically, the City argues that although JUM agreed to expend over $2.8 million of its own funds to match the portion of a grant the City received from another source, JUM never had the financial ability to meet its contractual "match" obligations, and could only meet those obligations

3

1 by invoicing the City for funds JUM was not entitled to receive. The City expects that the bank
2 records it seeks will include evidence from which JUM's intent to commit fraud may be inferred.
3 The City contends that JUM does not have standing to challenge the subpoena to Compass Bank,
4 and that JUM has waived any right to object on privacy grounds to production of documents
5 responsive to Request No. 8. Dkt. No. 73 at 5.

JUM raises two objections to the City's discovery requests. First, it argues that the subpoena and Request No. 8 seek documents that are irrelevant to the City's fraud claim as actually pled, which JUM says concerns a single invoice submitted in January 2015. Second, JUM argues that the City's subpoena and Request No. 8 implicate JUM's privacy rights in its bank records, and discovery should not be permitted for that reason as well. Dkt. No. 73 at 2. Neither JUM nor Compass Bank makes any other objections to the subpoena or Request No. 8.

### A. JUM's Standing to Move to Quash the Subpoena to Compass Bank

JUM asserts that it has a privacy interest in the bank records described in the City's subpoena to Compass Bank, and that this interest confers standing on JUM to challenge the subpoena. The City responds that organizational entities, such as corporations or LLCs, do not have a constitutional right of privacy under California law, and JUM has not identified any other authority for asserting a privacy right in its bank records.

The parties' focus on whether JUM has a constitutional right of privacy under California law is unnecessarily narrow. A party affected by a subpoena issued to an entity that is not a party to the action has standing to challenge the subpoena under Rule 45(d)(3) if disclosure of the documents implicates the party's "rights or privileges." As the City acknowledges, privacy interests are the kind of "right or privilege" that permits a party to challenge a subpoena issued to another. Dkt. No. 73 at 4. And, as the City also acknowledges, JUM has a privacy interest in its bank records, even if that interest is not a constitutional right of privacy. *See id.* at 4-5, citing *Ameri-Medical Corp. v. Workers' Comp. Appeals. Bd.*, 42 Cal. App. 4th 1260, 1287-88 (Cal. App. 1996) (reaffirming that "artificial entities" have non-constitutional privacy rights that are context-dependent). Moreover, a party may obtain a protective order under Rule 26(c) if it can demonstrate its own interests are jeopardized by the discovery sought by the subpoena, including

4

an interest in preventing the discovery of irrelevant information. *See, e.g., In re REMEC, Inc. Sec. Litig.*, Case No. CIV 04CV1948 JLS AJB, 2008 WL 2282647 at *1 (S.D. Cal. May 30, 2008) (collecting authority).

JUM asserts an interest in preventing its confidential bank records from being disclosed to the City on the grounds that the records are confidential and are not relevant to this action. It has standing to challenge the subpoena to Compass Bank on those grounds.

### B. Relevance of JUM Bank Records

The parties dispute whether the records the City seeks by subpoena to Compass Bank and Request No. 8 to JUM are relevant to the City's claim of fraud. The City bears the burden, in the first instance, to demonstrate that the discovery it seeks is relevant to a claim or defense.

The Court has reviewed the operative complaint (Dkt. No. 69). The City's fraud claim, as well as its claim for negligent misrepresentation, are limited to JUM's alleged false representations with respect to the invoice it submitted for payment to the City on January 20, 2015. Dkt. No. 69, ¶¶ 17-20, 34-50. The complaint does not include the more expansive allegations of fraud that the City recites in the parties' joint submission. For this reason, the Court finds that JUM's objection to Request No. 8 and its challenge to the Compass Bank subpoena on relevance grounds is well-taken. JUM need not produce documents responsive to Request No. 8, and the City may not enforce the subpoena against Compass Bank.

Because the Court finds the discovery the City seeks is not relevant to its fraud claim, as currently pled, the Court does not reach the question of whether the City would otherwise be entitled to obtain discovery of the bank records that JUM contends are confidential and therefore protected from disclosure.

**IT IS SO ORDERED.**

Dated: September 21, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge